IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOE W. CONWAY, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. A-13-CA-1094-SS |
| | § | |
| STATE OF TEXAS, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's "Motion to Vacate," which has been construed as an Application for Writ of Habeas Corpus. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

DISCUSSION

According to Petitioner, on December 16, 2003, he pleaded guilty to possession of a controlled substance pursuant to a plea bargain agreement and was sentenced to three years in prison. Petitioner admits he waived his appeal. He contends he has exhausted his state court remedies because no appeal is available.


Petitioner indicates he was also charged with a Class B misdemeanor, and that case is still pending. According to Petitioner, he has a January 21, 2014, court date set in his misdemeanor case. Petitioner appears to challenge both his felony case and his misdemeanor case. He has not filed state applications for writ of habeas corpus challenging either case.

## ANALYSIS

A.   28 U.S.C. § 2254

To the extent Petitioner challenges his felony conviction and sentence his claims are brought pursuant to 28 U.S.C. § 2254. A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of

federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented his claims regarding his felony conviction and sentence to the Texas Court of Criminal Appeals. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. While the exhaustion requirement can be excused when exceptional circumstances exist, Deters v. Collins, 985 F.2d 789 (5th Cir. 1993), Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement with regard to his felony conviction.

B.     28 U.S.C. § 2241

To the extent Petitioner challenges his pending misdemeanor case, his claims are brought pursuant to 28 U.S.C. § 2241. It is well-established a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

Although § 2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interference with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Id. (citing Braden, 410 U.S. at 490-91).

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Petitioner admits he has not presented his claims to the state's highest court. As such, the state courts have not had the opportunity to consider

or resolve the issues Petitioner raises.  The exhaustion requirement is obviated only if "special circumstances" exist, see Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489), which is not the case in the present action.  Therefore, absent a showing the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Petitioner's claims, comity requires this Court to defer.

RECOMMENDATION

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of January, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE